**UNITED STATES of America,**
**Appellant,**

v.

**S. T. McWHIRTER and Betty McWhirter,**
**Appellees.**

**No. 23928.**

United States Court of Appeals
Fifth Circuit.

April 19, 1967.

Alan S. Rosenthal, Jack H. Weiner, Attys., Dept. of Justice, J. William Doolittle, Acting Asst. Atty. Gen., William Wayne Justice, U. S. Atty., Washington, D. C., for appellant.

S. T. McWhirter and Betty McWhirter, pro se.

Before GEWIN, THORNBERRY and DYER, Circuit Judges.

GEWIN, Circuit Judge:

In this discovery case the United States seeks to compel the appellees, its judgment debtors, to answer certain written interrogatories propounded under Rule 69(a), Fed.R.Civ.P., relating to their financial resources. The United States District Court for the Eastern District of Texas denied the government's motion to compel, and the government appeals. We reverse the judgment of the district court and remand the cause for further proceedings.

The appellees obtained a loan from the Small Business Administration in December 1961. The loan was evidenced by a promissory note bearing 3% interest. The appellees subsequently defaulted on the note and the government obtained a default judgment against them in the amount of $1,782.21 plus interest and costs. On November 5, 1965,

the government sent written interrogatories to the appellees for the purpose of obtaining information relative to their financial assets. The appellees did not respond. Approximately a month later the government sent the appellees another letter explaining the purpose of the interrogatories and offering the assistance of the United States Attorney should they desire or need help in answering the interrogatories. The letter also informed the appellees that if answers were not received in ten days, the government would seek a court order compelling them to answer. Again no response was received. Finally on January 13, 1966, the government moved in the district court to enter an order compelling the appellees to answer the interrogatories.

The district court denied the motion on the grounds that Rule 69(a) only allowed the taking of depositions and did not include the right to propound written interrogatories. The court noted in its letter opinion that there was an apparent conflict among the commentators on the question whether Rule 69(a) authorized the taking of written interroga-

tories, but concluded that, though such a procedure was desirable, relief would have to come by way of amendment to the rule.[1] The order was entered without prejudice to the government's right to take depositions of the appellees on written interrogatories pursuant to Rule 31, Fed.R.Civ.P.

The government argues on appeal first, that the order denying its motion to compel answers to the interrogatories is a final and appealable judgment under 28 U.S.C. § 1291 (1964), and second, that Rule 69(a)[2] authorizes the propounding of written interrogatories either pursuant to Rule 33 Fed.R.Civ.P. or pursuant to Rule 737[3] of the Texas Rules of Civil Procedure.

■ The jurisdiction of the Courts of Appeals is limited under 28 U.S.C. § 1291 to appeals from final judgments of the district courts, and under 28 U.S.C. § 1292 to certain interlocutory orders. Traditionally, a final judgment has been defined as one which terminates the action and leaves nothing to be done but the ministerial functions necessary to execute the judgment. Gospel Army v. City of Los Angeles, 331 U.S. 543, 546,

1. The District Court stated in its letter that:
"Notwithstanding Professor Moore's statement to the contrary, the propounding of interrogatories to a party under Rule 33 does not constitute the taking of a deposition of said party. While a judgment creditor, in the interest of justice, probably should have the right to submit interrogatories to a judgment debtor, in accordance with the provisions of Rule 33, I agree with the statement contained in Volume 3, Federal Practice and Procedure, by Barron and Holtzoff, page 532, Sec. 1485 [1484], 'But the matter is one for amendment of the rule, rather than distortion of the existing language'."

2. Rule 69 reads in pertinent part as follows:
"(a) In General. Process to enforce a judgment for the payment of money shall be a writ of execution, unless the court directs otherwise. The procedure on execution, in proceedings supplementary to and in aid of a judgment, and in proceedings on and in aid of execution shall be in accordance with the practice and

procedure of the state in which the district court is held * * *. In aid of the judgment or execution, the judgment creditor or his successor in interest when that interest appears of record, may examine any person, including the judgment debtor, in the manner provided in these rules for taking deposition or in the manner provided by the practice of the state in which the district court is held."

3. Rule 737 reads as follows:
"Bill of Discovery
All trial courts shall entertain suits in the nature of bills of discovery, and grant relief therein in accordance with the usages of courts of equity. Such remedy shall be cumulative of all other remedies. In actions of such nature, the plaintiff shall have the right to have the defendant examined on oral interrogatories, either by summoning him to appear for examination before the trial court as in ordinary trials, or by taking his oral deposition in accordance with the general rules relating thereto."

67 S.Ct. 1428, 91 L.Ed. 1662 (1947); Anastasiadis v. S. S. Little John, 339 F. 2d 538 (5 Cir. 1964). Recent decisions of the Supreme Court have expanded the scope of final judgments beyond the limited class encompassed by the traditional rule, and have stressed that the definition of a final judgment is a pragmatic one. Gillespie v. United States Steel Corp., 379 U.S. 148, 85 S.Ct. 308, 13 L.Ed.2d 199 (1964); Brown Shoe Co. v. United States, 370 U.S. 294, 82 S.Ct. 1502, 8 L.Ed.2d 510 (1962); Cohen v. Beneficial Indus. Loan Corp., 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949). Thus, the Court has held final and appealable ancillary orders which determine substantial rights of the parties which, if not promptly reviewed, will subject the party to irreparable harm. Mercantile Nat'l Bank v. Langdeau, 371 U.S. 555, 83 S.Ct. 520, 9 L.Ed.2d 523 (1963); Hudson Distributors, Inc. v. Eli Lilly & Co., 377 U.S. 386, 84 S.Ct. 1273, 12 L.Ed.2d 394 (1964). In such a situation, review postponed amounts to review denied. Cohen v. Beneficial Indus. Loan Corp., supra. The order from which the government appeals falls squarely within that category.

■ The district court's order determined, and denied, the government's right to propound written interrogatories to the appellees. From the nature of the post-judgment relief sought, it is unlikely that there will be a subsequent judgment from which the government can appeal and thereby obtain review of this order in question.[4] Thus, to hold that the order is not final will preclude appellate review of the district court's determination. Such a construction of section 1291 hardly comports with the requirement that the section be given a practical interpretation. Accordingly, we conclude that the order of the district court is a final judgment within the meaning of section 1291. Kelly v. Greer,

354 F.2d 209 (5 Cir. 1965); United States v. Certain Lands in the Borough of Manhattan, 332 F.2d 679 (2 Cir. 1964); Lee v. Western Wool Processors, Inc., 313 F.2d 13 (10 Cir. 1962).

We turn now to the merits of the case. Rule 69(a), Fed.R.Civ.P., provides that in aid of judgment or execution a judgment creditor may examine any person, including the judgment debtor, in the manner provided by the federal rules for taking depositions, or in the manner provided by state practice. The rule makes no reference to written interrogatories, but the government argues that the term "depositions" as used in Rule 69(a) refers to all the discovery procedures available under Rules 26 to 33. The argument is based mainly on the contention that Rule 69(a) was intended to afford a post-judgment method of securing information concerning the assets of judgment debtors and that to effectuate that intent the rule should be construed to allow the use of the inexpensive device of written interrogatories to secure that information.

There is a dearth of authority as to the issue before us. The only case which we have been able to find which deals with the types of discovery devices available under Rule 69(a) is concerned with the right to compel the production of documents. See M. Lowenstein & Sons, Inc. v. American Underwear Mfg. Co., 11 F.R.D. 172 (E.D.Pa.1951). The court there held that Rule 69(a) did not authorize the production of documents. That case is distinguishable and does not preclude the taking of interrogatories. See 3 Barron & Holtzoff, Federal Practice & Procedure § 1484, p. 532 (Wright ed. 1958). Thus we must determine whether the Rule limits post-judgment discovery to depositions on the basis of the language of the rule and the scant history dealing with its promulgation.

4. Although the order was entered without prejudice to the government's right to proceed under Rule 31, we do not think that alters the finality of the judgment. If the government took depositions under Rule 31, it would no longer be an aggrieved party as it would have obtained the information it sought. At that point any appeal would be academic.

Rule 69 was intended to establish an effective and efficient means of securing the execution of judgments. As part of that process it provides for the securing of information relating to the assets of the judgment debtor. Although the rule speaks solely in terms of depositions, the testimony before the House Committee on the Judiciary which considered the federal rules when they were promulgated clearly indicates that the framers intended to give the judgment creditor the right to use all the discovery devices afforded by Rules 26 to 33. Thus, Major Tolman, Secretary to the Advisory Committee on the Federal Rules, testified that:

> "Rule 69 deals with execution. It follows the present practice and preserves existing statutes. It also allows the deposition rules (rules 26 to 33) to be used in proceedings supplementary to execution." Hearings Before the House Comm. on the Judiciary, 75th Cong. 3rd Sess., Ser. 17, p. 126 (1938).

It would, therefore, appear that the use of the term depositions in the rule was not intended to limit post-judgment discovery to the taking of depositions under Rules 30 and 31. As Professor Moore points out, a limited construction of the rule would defeat its purpose. He asserts that the rule should be broadly and liberally interpreted. 7 Moore, Federal Practice ¶ 69.05 [1], pp. 2420–23 (1966).

Limiting the manner in which post-judgment discovery may be obtained solely to depositions would preclude discovery in situations where, as here, the judgment is small. In actual practice the taking of testimony under the rules providing for depositions is costly, time consuming, and in some circumstances complicated. Rule 31, for example, requires the use of an officer before whom the deposition is to be taken, the preparation of a record, and provides for cross and re-cross interrogatories. Rule 30 involves similar procedures. Where the judgment is small the cost of discovery under these rules is prohibitive. Written interrogatories, on the other hand, are simple and inexpensive. They afford a direct, efficient, and accurate means by which the judgment creditor can obtain the desired information. For the holder of a small judgment, they are the only practical means of discovering the assets of judgment debtors.

To deny a judgment creditor the right to utilize this discovery tool not only severely restricts the functional utility of the Rule, but it is also inconsistent with the general scheme of discovery practice in the federal courts. The discovery provisions of the Federal Rules of Civil Procedure were designed to afford the parties the right to obtain information pertinent to the pending controversy, and to effectuate that purpose they are to be liberally construed. That basic philosophy applies with equal force whether the information is sought in a pre-trial or in a post-judgment discovery proceeding. Giving consideration to all the foregoing factors we conclude that Rule 69(a) authorizes the government to propound written interrogatories to the appellees under Rule 33.

An essentially similar conclusion is also required under the provision of Rule 69(a) which permits the use of state discovery practice. Since it is clear that the applicable Texas rule allows the use of written interrogatories in aid of execution, the government is entitled to propound written interrogatories to the appellees in the manner provided by Rule 737. See Rule 737, Tex.R.Civ.P.; Dallas Joint Stock Land Bank v. State ex rel. Cobb, 135 Tex. 25, 137 S.W.2d 993 (1940); Roy Mitchell Contracting Co. v. Mueller Co., 326 S.W.2d 522 (Tex.Civ. App.—Texarkana 1959, writ ref'd. n. r. e).

The judgment is reversed and the cause remanded for further proceedings not inconsistent herewith.

Reversed and remanded.