McCAIN, Judge.
Defendant appeals the trial court’s order denying his objections to certain interrogatories. We affirm.
Plaintiff sued defendant on a judgment she had obtained against him in New York in 1963. After defendant’s denial of the material allegations of the complaint and assertion of affirmative defenses, the court granted judgment for plaintiff in the amount of $6,770.28.
Thereafter, in aid of execution, plaintiff propounded 24 written interrogatories to be answered by the defendant. Defendant filed objections thereto, raising, inter alia, that the Florida Rules of Civil Procedure do not allow interrogatories to parties in aid of execution.
Thus, defendant’s sole point on appeal is whether F.R.C.P. 1.560, 31 F.S.A. authorizes a judgment creditor to propound interrogatories pursuant to F.R.C.P. 1.340, 30 F.S.A. in aid of execution.
F.R.C.P. 1.560 provides:
“In aid of a judgment, decree or execution the judgment creditor or his successor in interest, when that interest appears of record, may examine any person, including the judgment debtor, in the manner provided in these rules for taking depositions.”
and F.R.C.P. 1.340(a) states in part:
“(a) Service; Answer; Objections. Any party may serve upon any other party written interrogatories to be answered by the party served or if the party served is a public or private corporation or a partnership or association, by any officer or agent, who shall furnish such information as is available to the party. % >ji If
Under F.R.C.P. 1.560 which has its counterpart in Federal Rule 69(a) a judgment creditor may examine a judgment debtor and in so doing utilize the discovery procedure provided for in the rules of civil procedure. This rule does not supplant the method provided by statute for the examination of a judgment debtor, rather it supplements it. See Florida’s Rules of Civil Procedure, Winston E. Arnow and Clarence E. Brown, 7 U.Fla.L.Rev. 125, 138 (1954).
F.R.C.P. 1.280(a) provides in part:

“Depositions Pending Action.

(a) When Depositions May Be Taken. Any party may take the deposition of any person, including a party, by deposition upon oral examination or written interrogatories for the purpose of discovery or for use as evidence in the action or for both purposes. * * * ”
We note that the applicable portion of Federal Rule 26(a) is similar to the above quoted section of our Rule 1.280(a) and that Federal Rule 33 is analogous to our F.R.C.P. 1.340.
Appealing and persuasive language applicable to our case arises from United States v. McWhirter, 5 Cir.1967, 376 F.2d 102, wherein the court determined that Federal Rule 69(a) authorized written interrogatories under Federal Rule 33, and stated:
“We turn now to the merits of the case. Rule 69(a), Fed.R.Civ.P., provides that in aid of judgment or execution a judgment creditor may examine any person, including the judgment debtor, in the manner provided by the federal rules for taking depositions, or in the manner provided by state practice. The rule makes no reference to written interrogatories, but the government argues that the term ‘depositions’ as used in Rule 69(a) refers to all the discovery procedures available under Rules 26 to 33. The argument is based mainly on the contention that Rule 69(a) was intended to afford a- post-judgment method of securing information concerning the assets of judgment debtors and that to effectuate that intent *205 the rule should be construed to allow the use of the inexpensive device of written interrogatories to secure that information. * * *
* * * * * *
“Rule 69 was intended to establish an effective and efficient means of securing the execution of judgments. As part of that process it provides for the securing of information relating to the assets of the judgment debtor. * * *
“Limiting the manner in which post-judgment discovery may be obtained solely to depositions would preclude discovery in situations where, as here, the judgment is small. In actual practice the taking of testimony under the rules providing for depositions is costly, time consuming, and in some circumstances complicated. * * * Where the judgment is small the cost of discovery under these rules is prohibitive. Written interrogatories, on the other hand, are simple and inexpensive. They afford a direct, efficient, and accurate means by which the judgment creditor can obtain the desired information. For the holder of a small judgment,^ they are the only practical means of discovering the assets of judgment debtors. * * * ”
We find ourselves to be in accord with the reasoning employed by the Fifth Circuit in reaching its decision and hold that within our rules post judgment discovery may be obtained by deposition or by written interrogatories.
Affirmed.
REED, J., concurs.
OWEN, J., dissents, with opinion.