338 So.2d 1306 (1976)
Wilfred H. CONRAD, Appellant,
v.
Guy Gordon McMECHEN, Appellee.
No. 76-1761.
District Court of Appeal of Florida, Fourth District.
November 5, 1976.
Wilfred H. Conrad, pro se.
No appearance for appellee.
DOWNEY, Judge.
After obtaining a judgment against appellant and return of an execution unsatisfied, *1307 appellee obtained an order (dated August 3, 1976) pursuant to Section 56.29, Florida Statutes (1975), requiring appellant to appear at a time certain before a Circuit Judge in Rockledge, Brevard County, Florida, to be examined concerning his property and financial affairs. Appellant filed a motion to (a) strike the order, and (b) obtain a protective order, alleging, among other things, that he was a resident of Seminole County, Florida, and entitled to be examined in the county of his residence. While the notice of appeal (filed August 12, 1976) seeks review of the order (dated August 12, 1976) denying the foregoing motion, we treat this as an appeal from the order requiring appellant to appear before the Circuit Judge in Brevard County, since this interlocutory appeal really questions the validity of that order. See State ex rel. Poe v. Allen, 196 So.2d 745 (Fla. 1967).
Supplementary proceedings are a creature of statute to aid a judgment creditor in discovering assets of the debtor which might be appropriated to satisfy the judgment. South Florida Trust Co. v. Miami Coliseum Corp., 101 Fla. 1351, 133 So. 334 (1931). Section 56.29(2), Florida Statutes (1975), expressly provides that the defendant in execution appear before the court or a master at a time and place specified in the county of the defendant's residence. The mandate of the statute is plain, but the order under review fails to comply.
It may be that the trial court felt Fla.R. Civ.P. 1.560, providing for discovery in aid of execution, allowed appellee to obtain discovery of appellant's assets in accordance with the Rules of Civil Procedure, thus obviating the requirement of holding the examination in the county of appellant's residence. Of course before instituting supplementary proceedings, appellee could have sought discovery pursuant to Fla.R.Civ.P. 1.560 without necessarily being restricted to the county of appellant's residence. However, this proceeding was initiated pursuant to the provisions of Section 56.29, Florida Statutes (1975); appellee therefore must comply with those provisions. As pointed out in Wilde v. Wilde, 237 So.2d 203, 204 (Fla. 4th DCA 1970):
"This rule [Fla.R.Civ.P. 1.560] does not supplant the method provided by statute for the examination of a judgment debtor, rather it supplements it."
Kline, Supplementary Collection, 25 University of Miami Law Review, p. 596, 608-609, discusses the interplay between the statute and rule of procedure in the following way:
"Proceedings supplementary to execution should not be confused with discovery in aid of execution which is a process permitted by the Florida Rules of Civil Procedure. The discovery process may be commenced any time after the entry of judgment and does not require the return of an unsatisfied execution in order to implement the proceedings. However, the discovery process does not have the teeth of supplementary proceedings for it operates only as a discovery device and no orders are made by the court requiring persons to produce property or show cause why the property should not be produced. On the other hand, in supplementary proceedings, the judge may order third parties to pay the judgment creditor's judgment and this order may be enforced through the court's power of contempt. The discovery procedure provided by the Florida Rules is a flexible and inexpensive supplement to supplementary proceedings but it does not operate to supplant these proceedings. In this connection, the judgment creditor might find it convenient to resort first to the discovery procedure for the purpose of determining whether any third persons hold property belonging to the debtor. Once this information is obtained, and it is determined that the third parties refuse to allow the property to be applied to the judgment creditor's judgment, he may then commence supplementary proceedings in aid of execution." (Footnotes omitted.)
Appellant was entitled to be examined in the county of his residence, and it was therefore improper for the court to enter *1308 the order requiring appellant to appear for examination outside that county.
Accordingly, the order of August 3, 1976, is reversed and the cause is remanded for further proceedings consistent with this opinion.
REVERSED and REMANDED.
MAGER, C.J., and CROSS, J., concur.