FIRST FEDERAL SAVINGS AND LOAN ASSOCIATION OF ROCHESTER, ROCHESTER, NEW YORK, Plaintiff-Appellee,

v.

Dr. William R. FISHER, Individually, et al., Defendants-Appellants.

No. 76–2495

Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

Jan. 3, 1977.

Robert A. Elsner, Ronald A. Matamoros, Atlanta, Ga., for defendants-appellants.

James R. Paulk, Jr., Alfred Adams, Jr., H. Edward Hales, Jr., Atlanta, Ga., for plaintiff-appellee.

Before GODBOLD, RONEY and FAY, Circuit Judges.

PER CURIAM:

Appellants question the decision of the district court permitting, pursuant to Fed. R.Civ.P. 69, post-judgment discovery in aid of execution of a judgment against them. We affirm on the basis of the opinion of the district court. 422 F.Supp. 1 (N.D.Ga., 1976).

However, one matter on appeal needs to be clarified and disposed of. Appellants contend that the district court interpreted Georgia's testimonial privilege statute, Ga. Code.Ann. § 38–1205,[1] to require that a person's testimony must both incriminate him and work a forfeiture of his estate before this privilege may be invoked. This is plainly not what the district court said or meant. The district court said that the cases relied on by appellants were based on the privilege against self-incrimination and, because of the policy and constitutional ramifications of this privilege, were of little value in deciding questions involving forfeiture of estate privilege, which is grounded on different considerations. The district court then addressed the forfeiture of estate privilege directly and found that it did not apply. Thus, appellants' reading of the district court opinion is erroneous, and their contentions based on this faulty reading are without merit.[2]

AFFIRMED.

---

* Rule 18, 5 Cir., see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York, et al., 5 Cir. 1970, 431 F.2d 409, Part I.

1. "No party shall be required to testify as to any matter which may criminate or tend to criminate himself, or which shall tend to work a forfeiture of his estate, or which shall tend to bring infamy or disgrace or public contempt upon himself or any member of his family."

2. We have considered on our own initiative whether the district court's order was a final judgment under 28 U.S.C. § 1291. This circuit has held that the denial of a motion to compel discovery under Rule 69(a) is appealable. U. S. v. McWhirter, 376 F.2d 102 (CA5, 1967). Two other circuits, however, have dismissed appeals by defendants from orders compelling discovery in aid of execution. Childs v. Kaplan, 467 F.2d 628 (CA8, 1972); U. S. v. Fabric Garment Co., 383 F.2d 984 (CA2, 1967). For the purposes of this case, we assume that the order below was appealable.