**Verone Marin FEHLHABER,**
**Plaintiff-Appellant,**

v.

**Fred Robert FEHLHABER, Robert Fred Fehlhaber, (Substituted party defendant for deceased defendant), Defendant-Appellee.**

**No. 81–5338**
**Non-Argument Calendar.**

United States Court of Appeals,
Eleventh Circuit.

Dec. 18, 1981.

Greenbaum, Wolff & Ernst, Saul J. Morgan, Woodrow "Mac" Melvin, Jr., Miami, Fla., for plaintiff-appellant.

Linwood Cabot, Fort Lauderdale, Fla., Max Fink, Beverly Hills, Cal., R. Stephen Duke, Paul Newlon, New York City, for defendant-appellee.

Fowler, White, Burnett, Hurley, Banick & Strickroot, Ronald P. Weil, Miami, Fla., for Sun Bank.

Before RONEY, KRAVITCH and CLARK, Circuit Judges.

KRAVITCH, Circuit Judge:

Verone Marin Fehlhaber appeals from a federal district court order denying her discovery during a stay of execution of judgment, and granting appellee a protective order. Appellant contends the district court lacked jurisdiction to enter this order, or alternatively, that the district court abused its discretion in denying discovery. We reject appellant's contentions and affirm the district court.

This appeal arises from a course of divorce litigation between appellant and her husband, Fred Robert Fehlhaber, now deceased (decedent). The parties were married in 1961 and in 1967 moved to Florida. In April, 1974, appellant moved to California and instituted an action in California state court for separate maintenance[1]; this action resulted in a $9.9 million award to appellant. Appellant then returned to Florida and brought a diversity suit in federal district court for the Southern District of Florida to enforce the California judgment. The court granted summary judgment for appellant; that judgment is now on appeal to this court.[2]

Upon entry of the judgment, decedent moved the district court for a stay of execution pending appeal, and requested under Fed.R.Civ.P. 62 that the court set a reduced supersedeas bond. The court held a full evidentiary hearing on decedent's assets, and on August 1, 1979, entered an order

---

1. Mr. Fehlhaber filed for and received a divorce in Florida during the pendency of the California suit.

2. *Fehlhaber v. Fehlhaber*, appeal no. 79–2819. A central dispute in this case is the place of matrimonial domicile. We here intimate no opinion on this issue. After the death of Fred Robert Fehlhaber, his son, Robert Fred Fehlhaber, was substituted as defendant in this subsequent appeal.

granting the stay conditioned upon posting a $1.5 million bond.[3] The court also enjoined the decedent from transferring any of his stocks or bonds, or revoking the Fehlhaber trust. The stay finally became effective on March 11, 1980, when posting of the bond was completed. When appellant requested further discovery after the effective date of the stay, decedent moved for a protective order. On March 12, 1981, the district court denied appellant the requested discovery and granted the protective order. This appeal followed.[4]

■ Appellee argues as a preliminary matter that the March 12 order is not an appealable final order under 28 U.S.C. § 1291, and that we therefore lack jurisdiction to hear this appeal. In *United States v. McWhirter*, 376 F.2d 102, 104–05 (5th Cir. 1967), however, the court specifically held that a district court order denying discovery in aid of execution was an appealable final order.[5] *See First Federal Savings & Loan Ass'n v. Fisher*, 544 F.2d 902, 902 n.2 (5th

Cir. 1979). We therefore proceed to consider the merits of appellant's claims.

Appellant first argues that the district court lacked jurisdiction to deny discovery and enter a protective order. While appellant concedes that the court retains jurisdiction to enforce the stay of execution, she argues that the March 12 order was a "modification" of the stay and that the court lacks power to make such a modification. *See Draper v. Davis*, 102 U.S. 370, 26 L.Ed. 121 (1880); *In re Federal Facilities Realty Trust*, 227 F.2d 651 (7th Cir. 1955).

■ Under Fed.R.Civ.P. 69, "proceedings on and in aid of execution shall be in accordance with the practice and procedure of the state in which the district court is held" unless a federal statute controls. Under Florida law, "a supersedeas has the effect to suspend all further proceedings in relation to a judgment superseded. . . ." *Pennsylvania Threshermen & Farmers' Mutual Casualty Insurance Co. v. Barrett*, 174 So.2d 417, 418 (Fla.App.1965). *See Bacon v.*

---

**3.** The stay order read in relevant part:

At an evidentiary hearing as to the form and amount of security for a stay pending the appeal, the parties submitted evidence as to the financial condition of defendant. The evidence shows that defendant had a net worth of $601,-316.00 as of June 30, 1979. Defendant is also the grantor and sole beneficiary of the Fred R. Fehlhaber Trust, a revocable trust established in February, 1974, having a market value on June 30, 1979 of $1,180,336.62. Defendant has an unrestricted power to revoke the trust during his lifetime. The corpus of the trust includes 100 shares of Class A common stock and 4,000 shares of Class B common stock of Fehlhaber Corporation. The net worth of Fehlhaber Corporation is in excess of $5,000,000. The balance of issued stock of Fehlhaber Corporation, consisting of 110 shares of Class A common stock, is owned by defendant's son. Under the terms of stock purchase agreement, the trust cannot dispose of any of its shares in Fehlhaber Corporation without first offering the stock to defendant's son, Robert Fehlhaber.

Although defendant has substantial assets at his disposal, the evidence before the court at this time requires a determination that defendant is unable to give a supersedeas bond in the full amount of the judgment to obtain a stay. Accordingly, the Court finds that defendant is entitled to a stay of the judgment in this action pending appeal. It is

ORDERED AND ADJUDGED that the defendant's motion for stay pending appeal is GRANTED as follows:

1. The supersedeas bond shall be in the sum of One Million Five Hundred Thousand Dollars ($1,500,000.00).

2. Stay of the judgment shall be effective upon the Court's approval of the supersedeas bond in said amount, conditioned for the satisfaction of the judgment.

3. Defendant Fred Robert Fehlhaber is hereby enjoined from exercising his power to revoke the Fred R. Fehlhaber Trust during the pendency of this appeal and until further order of this court.

4. Defendant Fred Robert Fehlhaber is hereby enjoined from causing, directly or indirectly, the transfer, sale or other disposition of all stock in Fehlhaber Corporation, all stock and bonds owned by the Fred R. Fehlhaber Trust and all stock which defendant owns or has an interest during the pendency of this appeal and until further order of this court. It is further

ORDERED AND ADJUDGED that the stay as to discovery is hereby vacated.

**4.** Prior to appealing, appellant on April 13, 1981, motioned this court to compel discovery. The motion was denied.

**5.** The Eleventh Circuit, in the en banc case *Bonner v. Prichard*, 661 F.2d 1206 (11th Cir. 1981), adopted as precedent the decisions of the old Fifth Circuit.

*Green,* 36 Fla. 313, 18 So. 866 (1894). While we have found no Florida case specifically holding that a stay of execution also stays discovery in aid of execution, discovery is a "proceeding in relation to a judgment" under Florida law, *see generally* Fla.R.Civ.P. 1.560; *Wilde v. Wilde,* 237 So.2d 203 (Fla. App.1970), and thus ordinarily would come within the stay.

■ Appellant nevertheless bases her "modification" argument on a statement in the August 1, 1979, stay order that "the stay as to discovery is hereby vacated," and a conversation between the trial judge and attorneys for the appellee during the bond hearing to the effect that the trial court was "inclined" to permit appellant discovery while the appeal was in progress.[6] After reviewing the record, however, we conclude that appellant's arguments are based on a misinterpretation of the facts surrounding the stay. The trial court had earlier entered a stay of discovery when, after the initial entry of judgment in March, 1979, decedent moved for a rehearing under Fed.R.Civ.P. 59. The phrase in the August 1, 1979, stay of execution order that "the stay as to discovery is hereby vacated" obviously referred to this earlier stay and not to the subsequent stay of execution. Appellant, moreover, appears to have overlooked the significance of the terms of the August 1 stay order. Because the stay was conditioned upon posting a $1.5 million supersedeas bond, appellant was free to engage in discovery until the supersedeas was posted, and in fact did so.[7] Once the stay became effective, however, "all proceedings" in aid of execution, including discovery, came to a halt. Finally, the conversation cited by appellant between the trial judge and attorneys for the decedent merely shows that at that time the trial judge was inclined to permit discovery but reserved a definite ruling on the issue. The conversation does not support a claim that the trial court somehow modified the terms of the August 1 stay order by denying discovery at a later time.

■ Appellant's second argument is that even if the trial judge had jurisdiction to deny discovery, given the circumstances in this case, especially that the bond posted was only 15% of the judgment, the denial of discovery was an abuse of discretion. We disagree. Under Fed.R.Civ.P. 69(a), a judgment creditor "may obtain discovery from any person, including the judgment debtor, in the manner provided in these rules or in the manner provided by the practice of the state in which the district court is held." Both federal and Florida law commit the scope of discovery to the sound discretion of the trial judge. *E. g., Citizens for a Better St. Clair County v. James,* 648 F.2d 246, 251 (5th Cir. 1981); *Orlowitz v. Orlowitz,* 199 So.2d 97, 98 (Fla.1967). Here the court held a full adversary hearing on decedent's assets and found his net worth to be substantially less than the amount of the judgment.[8] After this hearing, the court set bond at $1.5 million, but also enjoined the decedent from making practically any significant financial transaction which could imperil the assets subject to the judgment. The court evidently concluded that the bond and strict injunction provided appellant with all the relief due her, and that she was not entitled to act as the court's "policeman" in this matter. Under these circumstances we find no abuse of discretion.

AFFIRMED.

6. "By Mr. Horton:
   Q. You said that they would have—the right to discovery would be available to them. Would that still hold true upon our filing the notice of appeal? * * *"
   "By the Court:
   A. (In pertinent part) I am inclined to think the Court can allow, even where the record has gone forward, while the appeal is in progress, ancillary proceedings to develop, short of collecting. But that is one of the questions I said I was going to answer. Now, if I can do that as a Judge, we are going to let them make their discovery while you are appealing.

7. Appellant deposed Mr. Kurras, the Sun Bank trust officer on December 10, 1979, and decedent responded to both interrogatories and a request for documents on February 8, 1980. The request for documents and interrogatories were originally propounded by appellant in May, 1979, however.

8. See note 3, *supra.*