680 F.2d 743
 ROUSE CONSTRUCTION INTERNATIONAL, INC., Plaintiff-Appellee,
v.
ROUSE CONSTRUCTION CORPORATION; Conoc, Incorporated; Mr.
Gerald Kadonoff; Mrs. Joan Kadonoff; and Mr.
Salvatore Dilandro, Defendants-Appellants.
 No. 81-7655.
 United States Court of Appeals,
Eleventh Circuit.
 July 16, 1982.
 
 Wasson, Sours & Harris, W. Hensell Harris, Jr., T. Bart Gary, John D. Sours, Atlanta, Ga., for defendants-appellants; J. Richard Margulies, Ashton, Md., of counsel.
 Griffin, Cochran & Marshall, Bowman S. Garrett, Jr., Atlanta, Ga., for plaintiff-appellee.
 Appeal from the United States District Court for the Northern District of Georgia.
 Before VANCE, JOHNSON and HENDERSON, Circuit Judges.
 VANCE, Circuit Judge:
 
 
 1
 In 1973 appellee, Rouse Construction International, Inc. (Rouse International), entered into a licensing agreement with appellants, collectively referred to as Rouse Construction. The agreement licensed appellants to use the name Rouse Construction and transferred to them approximately $6,000,000 in extant construction contracts in exchange for $9,500 and twenty-five percent of Rouse Construction's net pre-tax profits in the years 1974 to 1994. The agreement also provided that the parties would resort to arbitration in the event of a dispute over the terms of the contract.
 
 
 2
 A dispute over fees[1] soon arose and Rouse International filed a demand for arbitration on August 4, 1977. The arbitration panel rendered a decision for Rouse International on July 28, 1979 and ordered Rouse Construction to pay the twenty-five percent of net pre-tax profits called for in the contract. The award also changed the accounting method, the accounting period, and the triggering event for the determination of the amounts due under the contract. On September 4, 1979 Rouse International requested that the arbitration panel expand its award to grant Rouse International the right to inspect Rouse Construction's books without supervision. The panel denied the request, stating that its award adequately defined the rights and obligations of the parties. On July 11, 1980 the United States District Court for the Northern District of Georgia confirmed the arbitration award, but it expressly excluded from the confirmation the panel's refusal to modify the award.
 
 
 3
 Prior to the district court's confirmation of the arbitration award, Rouse Construction transmitted to Rouse International its financial statements for the first three years of the contract accompanied by a certified public accountant's opinion letter. The statements and opinion letter claimed that Rouse Construction had not cleared a net pre-tax profit for any of the three years in question and that no fees were due under the contract and award. On June 26, 1980 Rouse Construction transmitted to Rouse International its financial statements for the 1980 fiscal year and an accompanying opinion letter, which again reported no pre-tax profits. Seeking to verify the claimed lack of profits, Rouse International served Rouse Construction on March 4, 1981 with a post-judgment discovery request pursuant to rule 69(a) of the Federal Rules of Civil Procedure.[2] Rouse Construction moved for a protective order,[3] and Rouse International moved to compel discovery.[4] Rouse International argued that in light of substantial pre-arbitration profits and the ease with which financial statements can be manipulated, an independent audit of Rouse Construction's books was needed to verify compliance with the arbitration award. The district court granted the discovery request and this appeal followed.
 
 
 4
 At the outset, we are confronted with a challenge to our jurisdiction to hear this appeal. Rouse International argues that the grant of discovery by the district court was not an appealable final order, so the issue raised by this case is not yet ripe for review. We agree and accordingly we dismiss the appeal.[5]
 
 
 5
 The courts of appeals "have jurisdiction of appeals from all final decisions of the district courts of the United States ... except where a direct review may be had in the Supreme Court." 28 U.S.C. § 1291.[6] As a general proposition most orders granting or denying discovery are not final orders within the meaning of section 1291 and therefore are not immediately appealable. See, e.g., United States v. Ryan, 402 U.S. 530, 532-33, 91 S.Ct. 1580, 1581-1582, 29 L.Ed.2d 85 (1971); Cobbledick v. United States, 309 U.S. 323, 325-26, 60 S.Ct. 540, 541, 84 L.Ed. 783 (1940); Cogen v. United States, 278 U.S. 221, 223-24, 49 S.Ct. 118, 119, 73 L.Ed. 275 (1929); Webster Coal & Coke Co. v. Cassatt, 207 U.S. 181, 186-87, 28 S.Ct. 108, 109, 52 L.Ed. 160 (1907); Alexander v. United States, 201 U.S. 117, 121-22, 26 S.Ct. 356, 357-358, 50 L.Ed. 686 (1906); Gosa v. Securities Investment Co., 449 F.2d 1330, 1332 (5th Cir. 1971).[7] Ordinarily, a litigant seeking to overturn a discovery order has two choices. Either he can comply with the order and challenge it at the conclusion of the case or he can refuse to comply with the order and contest its validity if subsequently cited for contempt for his refusal to obey. Branch v. Phillips Petroleum Co., 638 F.2d 873, 877 (5th Cir. 1981); American Express Warehousing, Ltd. v. Transamerica Insurance Co., 380 F.2d 277, 280-81 (2d Cir. 1967).
 
 
 6
 This circuit has held, however, that the denial of a motion to compel discovery in aid of the enforcement of a judgment is an appealable final order. Fehlhaber v. Fehlhaber, 664 F.2d 260, 262 (11th Cir. 1981) (citing United States v. McWhirter, 376 F.2d 102, 104-05 (5th Cir. 1967)). McWhirter held that the denial of such a discovery motion was final because such an order determined "substantial rights of the parties which, if not promptly reviewed, will subject the party to irreparable harm." Id. at 105 (citing Cohen v. Beneficial Industrial Loan Corp., 337 U.S. 541, 546, 69 S.Ct. 1221, 1225, 93 L.Ed. 1528 (1949)). Appellant argues that the grant of a post-judgment discovery motion should be accorded the same treatment and held to be an appealable final order. We disagree. McWhirter was premised upon the probability that the appellant would not be able to gain post-judgment relief absent discovery. Consequently, the discovery order could never have been appealed because there was little likelihood that there would be a subsequent final judgment to form the basis for appeal. Additionally, there was little chance that a party denied discovery would be able to rely upon the contempt process to raise the discovery issue on appeal. In such a situation the denial of discovery was a final order for all practical purposes. Id. at 105; see In re Chicken Antitrust Litigation, 669 F.2d 228, 235 (5th Cir. 1982). None of these considerations are pertinent to an order granting post-judgment discovery. Unlike the appellant in McWhirter, Rouse Construction has available the two normal options possessed by most litigants dissatisfied with a discovery order. It can comply with the order and later appeal or it can risk contempt sanctions[8] and challenge the order on appeal from a contempt citation. Accordingly, we hold that the granting of a post-judgment discovery motion is not an appealable final order. Accord Childs v. Kaplan, 467 F.2d 628 (8th Cir. 1972); United States v. Fabric Garment Co., 383 F.2d 984 (2d Cir. 1967).
 
 
 7
 Rouse Construction makes two further arguments to evade the strictures of the final judgment rule. First, it mistakenly argues that the decision of the former fifth circuit in First Federal Savings & Loan Association v. Fisher, 544 F.2d 902 (5th Cir. 1977), compels us to conclude that an order granting post-judgment discovery is a final order. The court in Fisher specifically reserved the question concerning its appellate jurisdiction. Id. at 902 n.2. While the court's treatment of the jurisdictional issue was somewhat unorthodox, it clearly is of no precedential value as to an issue it expressly did not reach. Second, Rouse Construction contends that the discovery order was a final order because it was tantamount to the modification of the 1979 arbitral award. It argues that because the arbitration panel refused to modify the award to allow for an independent inspection privilege, the panel necessarily meant to forbid such inspections. Even were this true, which we doubt, the district court expressly excluded the arbitration panel's refusal to amend its award from the court's confirmation of the award. Accordingly, there was no deviation from the arbitration award that had become a final court judgment.[9]
 
 
 8
 APPEAL DISMISSED.
 
 
 
 [1]
 Specifically, the dispute arose when Rouse Construction refused to pay any license fees at all. Rouse Construction asserted that the contract was invalid because its promise to pay a percentage of its profits lacked any consideration on the part of Rouse International
 
 
 [2]
 Rule 69(a) of the Federal Rules of Civil Procedure provides:
 Process to enforce a judgment for the payment of money shall be a writ of execution, unless the court directs otherwise. The procedure on execution, in proceedings supplementary to and in aid of a judgment, and in proceedings on and in aid of execution shall be in accordance with the practice and procedure of the state in which the district court is held, existing at the time the remedy is sought, except that any statute of the United States governs to the extent that it is applicable. In aid of the judgment or execution, the judgment creditor or his successor in interest when that interest appears of record, may obtain discovery from any person, including the judgment debtor, in the manner provided in these rules or in the manner provided by the practice of the state in which the district court is held.
 (emphasis added).
 
 
 [3]
 See Fed.R.Civ.P. 26(c)
 
 
 [4]
 See Fed.R.Civ.P. 37(a)
 
 
 [5]
 In light of our disposition of this appeal we do not reach Rouse Construction's substantive contentions on appeal. At first blush, however, we see little merit to the objections made by Rouse Construction
 
 
 [6]
 28 U.S.C. § 1292 provides certain exceptions to the final judgment rule of section 1291, none of which are relevant to this appeal
 
 
 [7]
 Justice Frankfurter succinctly stated the policy considerations underlying the final judgment rule:
 Finality as a condition of review is an historic characteristic of federal appellate procedure. It was written into the first Judiciary Act and has been departed from only when observance of it would practically defeat the right to any review at all. Since the right to a judgment from more than one court is a matter of grace and not a necessary ingredient of justice, Congress from the very beginning has, by forbidding piecemeal disposition on appeal of what for practical purposes is a single controversy, set itself against enfeebling judicial administration. Thereby is avoided the obstruction to just claims that would come from permitting the harassment and cost of a succession of separate appeals from the various rulings to which a litigation may give rise, from its initiation to entry of judgment. To be effective, judicial administration must not be leaden-footed. Its momentum would be arrested by permitting separate reviews of the component elements in a unified cause.
 Cobbledick v. United States, 309 U.S. 323, 324-25, 60 S.Ct. 540, 541, 84 L.Ed. 783 (1940) (footnotes omitted).
 
 
 [8]
 See Fed.R.Civ.P. 37(b)
 
 
 [9]
 We do not decide whether the district court's discovery order would have constituted a de facto modification of the arbitration award had the court included the arbitration panel's refusal to amend the award in the court's confirmation of the award