**FIRST NATIONAL BANK OF ATLANTA, Appellant,**

v.

**AMR GROUP CO., INC., et al., Appellees and Cross-Appellants.**

**Civ. A. No. CV686–078.**

United States District Court, S.D. Georgia, Statesboro Division.

Nov. 13, 1986.

---

James J. Thomas, II, Barbara A. McIntyre, Jeffrey K. Haidet, Atlanta, Ga., M. Tyus Butler, Savannah, Ga., for plaintiffs.

A. Stephenson Wallace, Augusta, Ga., trustee.

Kathleen Horne, Savannah, Ga., for debtors.

C. James McCallar, Jr., H. Joseph Chandler, Jr., Savannah, Ga., for AMR Group, Inc.

William N. Searcy, Daniel C. Cohen, Savannah, Ga., for Unsecured Creditors Committee.

Deborah Zink, Joel Piassick, Atlanta, Ga., for Committee of Equity Sec. Holders.

## ORDER

BOWEN, District Judge.

First National Bank of Atlanta ("FNBA"), a lender and secured creditor in the consolidated case captioned *In re Rusco Industries,* No. 686–00031, has filed both a notice of appeal and a motion for leave to appeal an interlocutory order pursuant to Bankruptcy Rule 8003. FNBA seeks to appeal an adverse discovery ruling entered by the bankruptcy judge. In addition, the AMR Group, Inc., the unsecured creditor committee, and the committee of equity security holders have moved for leave to cross appeal from that portion of the same discovery order which adversely affected their interests.

The threshold question in this case is whether the Court must treat the discovery orders of the bankruptcy judge as interlocutory, requiring leave to appeal under 28 U.S.C. § 158, or as a final order appealable under the "collateral order doctrine" announced in *Cohen v. Beneficial Industrial Loan Corp.,* 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949). The Eleventh Circuit has held that the latter doctrine applies to bankruptcy court orders. *In re Regency Woods Apartments Ltd.,* 686 F.2d 899, 902 (11th Cir.1982).

■ The relevant interlocutory appeals statute does not provide any criteria for determining when a district court should exercise its discretionary authority to hear an interlocutory appeal. By analogy to the statute governing discretionary interlocutory appeals from the district courts to the courts of appeal, this court must determine whether the interlocutory order presents a controlling question of law as to which there is substantial ground for difference of opinion, and whether or not accepting an appeal would ultimately advance the termination of the proceedings below. 28 U.S.C. § 1292(b). A discovery order is interlocutory, as opposed to final, unless it falls within the category of a collateral order. The court will first consider whether the relevant order in the present case is collateral (and therefore final) or interlocutory.

■ In order to be considered final, the order must relate to a matter which is separate from and collateral to the merits of the underlying case itself. Additionally, the appellant must demonstrate that the matter sought to be appealed is too important to be denied effective review and that delaying review of the matter in question until final judgment is reached in the lower court would result in completely ineffective review of that matter. *Cohen,* 337 U.S. 541, 545–547, 69 S.Ct. 1221, 1225–1226. It has rarely been held that these criteria are satisfied by discovery orders, and the Eleventh Circuit has stated as a general proposition that orders granting or denying discovery are not final. *Rouse Construction International, Inc. v. Rouse Construction Corp.,* 680 F.2d 743, 745 (11th Cir.1982). However, where an order compelling the production of documents is directed toward a person who has custody of materials as to which another person may claim a privilege of nondisclosure, that order is deemed final, and the person in whom the privilege is vested may seek immediate review. *Branch v. Phillips Petroleum Co.,* 638 F.2d 873, 878 n. 3 (5th Cir.1981).

■ The order entered by Judge Coolidge in the present case requires production of the relevant documents by FNBA, the party asserting the privilege. Until such time as FNBA refuses to comply with

the order of the bankruptcy court, and such noncompliance results in a finding of civil contempt, the asserted claim of privilege may not be reviewed as a final order. *Matter of International Horizons, Inc.*, 689 F.2d 996 (11th Cir.1982). Since the order of Judge Coolidge is non-final, the notice of appeal filed by FNBA is hereby DISMISSED.

Furthermore, the court finds the issues raised to be insufficient to warrant the exercise of its discretion to review the order of Judge Coolidge on interlocutory appeal. Consequently, the motion of FNBA for leave to appeal is hereby DENIED. The cross-motion for leave to appeal is likewise DENIED for the same reasons as set forth above.