PER CURIAM.
Appellant Nobles seeks review of an order of commitment by which he was adjudged to be in contempt of court, for failure to comply with a subpoena duces tecum for a postjudgment deposition, and was sentenced to serve twenty days in the Du-val County jail. He contends the court erred in requiring him to travel from his county of residence to Duval County for the deposition and ensuing show cause orders. We affirm.
Appellee filed suit in Duval County against appellant for $8,394.86 for services rendered, and on June 30, 1986, obtained a judgment by default. On November 11, 1987 appellee filed a notice of taking deposition in aid of execution, requesting that appellant appear in its attorney’s office in Duval County, and on December 2, 1986 filed a subpoena duces tecum. Appellant filed a motion to quash, asserting that the deposition was not scheduled in compliance with the Florida Rules of Civil Procedure in that it was an attempt to have appellant travel approximately 200 miles outside the county of his residence, Liberty County. Appellee filed a motion to compel, asserting that under Rule 1.560, Florida Rules of Civil Procedure, it was not restricted to proceeding in the county of the defendant’s residence. The court on February 26, 1987 entered an order compelling discovery, finding that appellant had shown no cause why he should not be required to respond to the subpoena duces tecum and give his deposition in aid of execution. The order required appellant to appear at the office of appellee’s attorney on March 26, 1987 for his deposition. Appellant failed to appear, and on April 26, 1987 the court entered an order for appellant to show cause why he should not be held in contempt of court for failure to appear for his deposition. Appellant filed a petition for writ of prohibition in this court, which denied the petition without prejudice to appellant’s right to raise the arguments he had presented on appeal from an adverse final judgment in the contempt proceedings. The trial court entered an order to show cause on September 14, 1987, requiring appellant to appear in Duval County for deposition on October 5, 1987, and the order of commitment on October 6,1987, as follows:
1. The said Edward Nobles is hereby adjudged to be in contempt of this Court for his failure to comply with a Subpoena Duces Tecum for a post-judgment deposition in aid of execution and for his failure to comply with the Order of Show Cause issued by this Court on September 14, 1987 and served upon said defendant on October 2, 1987.
2. As punishment for that contempt, the said Edward Nobles is hereby sentenced to serve 20 days in the Duval County Jail commencing at 10:00 o’clock a.m. on Monday, October 26, 1987 ...
3. The said Edward Nobles may purge himself of contempt and, thus, avoid the punishment for that contempt by appear *1025 ing in Jacksonville, Florida with all the documents previously required of him to be produced by the Subpoena Duces Te-cum previously served upon him, to give his deposition in aid of execution at 1916 Gulf Life Drive, Jacksonville, Florida 32207 at 3:00 o’clock p.m., Thursday, October 15, 1987.
4. Should the defendant, Edward Nobles, fail to purge himself of contempt as provided for in paragraph numbered 3 hereof and also fail to present himself at the Duval County Jail to commence the sentence hereinabove imposed in paragraph numbered 2, a Writ of Attachment will be issued for his arrest so that he may be taken into custody to immediately start serving the sentence herein imposed. Such Writ of Attachment shall issue upon sworn motion filed by the plaintiff in this cause.
Appellant argues that under section 56.29, Florida Statutes, which provides for supplementary procedures to aid a judgment creditor, he could not be required to travel outside his county of residence for deposition. That section provides that the defendant in execution is to be examined in the county of his residence. Appellee, however, did not proceed under section 56.29, but submitted the notice of taking deposition pursuant to Rule 1.560. Rule 1.560 “does not supplant the method provided by [section 56.29] for examination of a judgment debtor, rather it supplements it.” Conrad v. McMechen, 338 So.2d 1306, 1307 (Fla. 4th DCA 1976), citing Wilde v. Wilde, 237 So.2d 203, 204 (Fla. 4th DCA 1970). In Conrad, the court noted that “appellee could have sought discovery pursuant to Fla.R.Civ.P. 1.560 without necessarily being restricted to the county of appellant’s residence.”
Appellant further contends that as a defendant below who did not seek affirmative relief, he could not be required to travel outside the county of his residence for the deposition. The court in Largo Hospital Owners, Ltd. v. Gorman, 408 So.2d 597 (Fla. 2d DCA 1982), considered that principle in the context of an order requiring a defendant to produce an out-of-state resident for deposition in aid of execution. The court determined that even though the defendant had not sought affirmative relief below, the fact that the claim against the defendant had already been determined to be valid, and the corporation’s partners were Florida residents, compelled affirmance of the order. Appellant also alleges that the commitment order fails to state that appellant has the present ability to comply with the order. Faircloth v. Faircloth, 339 So.2d 650 (Fla.1976). The absence of those specific findings in the appealed order appears to be mitigated in view of the trial court’s two prior orders. Appellant asserts that he responded to the second show cause order with a letter from his wife, alleging that he was sick. This letter is not contained in the record.
Appellant finally alleges that the final judgment on the complaint was not entered in compliance with Fla.R.Civ.P. 1.440(b), because appellee failed to comply with the rule as to notice of trial. The record does contain a Notice of Hearing on appellee’s motion for final judgment, but does not contain an order setting the case for hearing. However, Rule 1.500, pertaining to defaults, provides that “the court may enter a default against such party, provided that if such party has filed or served any paper in the action, he shall be served with notice of the application for default.” Here, appellant filed no papers in the cause. Rule 1.500(e) provides that “[f]inal judgments after default may be entered by the court at any time.” A default was entered against appellant on June 23, 1986 after he was served with notice of hearing. A final judgment then was entered against appellant on June 30, 1986. We note that appellant did not move under Rule 1.310(b) to change the place of taking deposition.
AFFIRMED.
SMITH, C.J., and WENTWORTH and WIGGINTON, JJ., concur.