The **TRUSTEES OF the NORTH FLORIDA OPERATING ENGINEERS HEALTH AND WELFARE FUND, et al., Plaintiffs,**

v.

**LANE CRANE SERVICE, INC., Defendant.**

No. 90–27–Civ–J–14.

United States District Court, M.D. Florida, Jacksonville Division.

April 9, 1993.

Tobe Lev, Egan, Lev & Siwica, P.A., Orlando, FL, for plaintiff.

John W. Caven, Jr., Caven, Clark, Ray & Tucker, P.A., Jacksonville, FL, for movants.

**ORDER**

SNYDER, United States Magistrate Judge.

This cause came to be heard on March 31, 1993, on the Motion for a Protective Order by Kenneth Lane and/or C & R of Jacksonville as to Subpoena Duces Tecum (Doc. # 128) (hereinafter Motion), filed on February 16, 1993. Movants, who are not parties to this action, object to a subpoena served on Kenneth Lane by Plaintiffs, alleging:

The confidential and operational business records of C & R are not properly discoverable by Plaintiffs as sought by the Subpoena herein. The documents to

which movants object do not lead to the disclosure of assets of Defendant. Rather, they represent an inappropriate expedition into the confidential and otherwise private business records of C & R and its employees. There is no premise in pleading or procedure to support the effort of Plaintiffs in this regard. Such improvident efforts by Plaintiff place undue hardship and expense on movants.

Motion at 2. Movants further elaborated at the hearing on the Motion that Plaintiffs should be required to implead the Movants as third-party defendants before obtaining the objected-to discovery, citing *Wieczoreck v. H & H Builders, Inc.*, 450 So.2d 867 (Fla. 5th DCA 1984).

The Court's inquiry begins with Rule 69(a), Federal Rules of Civil Procedure (FRCP), which provides in pertinent part:

The procedure on execution, in proceedings supplementary to and in aid of a judgment, and in proceedings on and in aid of execution shall be in accordance with the practice and procedure of the state in which the district court is held, existing at the time the remedy is sought.... In aid of the judgment or execution, the judgment creditor or a successor in interest when that interest appears of record, may obtain discovery from any person, including the judgment debtor, in the manner provided in these rules or in the manner provided by the practice of the state in which the district court is held.

Movants appear to concede, as they must, that Rule 69(a) does not proscribe discovery from parties other than the judgment debtor inasmuch it allows discovery "from any person, *including the judgment debtor.*" *Id.* (emphasis added). Thus, they do not object to two requests which seek invoices or bills of sale documenting equipment transactions between the Defendant, who is the judgment debtor, and Movant C & R of Jacksonville (hereinafter C & R). *See* Motion at 1–2. Movants object to the other requests—which seek such items as minute books, payroll records, purchase contracts for equipment and corporate income tax returns—on the grounds previously stated.

Plaintiffs responded at the hearing that while they may seek to implead Movants at a later time, they do not wish to do so at this time. Rather, they wish to obtain discovery first to determine if an impleader action would be appropriate. Plaintiffs contend that the proper standard for determining their entitlement to discovery from Movants pursuant to Rule 69, FRCP, is whether they have made a threshold showing of necessity and relevance. Plaintiffs' Opposition to Motion for Protective Order (Doc. # 131), filed on March 1, 1993, at 3. They contend they have made such a showing through evidence of a successor relationship between the Defendant and C & R. *Id.*

Florida law,[1] made applicable by Rule 69(a), provides for proceedings supplementary to execution by which third parties, upon a prima facie showing by the judgment creditor of a claim to property in their hands, may be impleaded to raise defenses to that claim. *Wieczoreck,* 450 So.2d at 871–872; *see also Allied Industries Int'l, Inc. v. AGFA–Gevaert, Inc.,* 688 F.Supp. 1516, 1518 (S.D.Fla. 1988), *aff'd,* 900 F.2d 264 (1990). It has been held, however, that Rule 1.560, Florida Rules of Civil Procedure, which follows almost verbatim language contained in Rule 69(a), FRCP, is a separate basis for obtaining discovery in aid of execution. *See Nobles v. Ring Power Corp.,* 531 So.2d 1023, 1025 (Fla. 1st DCA 1988) (per curiam); *Conrad v. McMechen,* 338 So.2d 1306, 1307 (Fla. 4th DCA 1976). Indeed, it has been suggested:

"[T]he judgment creditor might find it convenient to resort first to the discovery procedure for the purposes of determining whether any third persons hold property belonging to the [judgment] debtor. Once this information is obtained, and it is determined that the third parties refuse to allow the property to be applied to the judgment creditor's judgment, he may then commence supplementary proceedings in aid of execution."

*Conrad,* 338 So.2d at 1307 (quoting Kline, *Supplementary Collection,* 25 U. Miami L.Rev. 596, 609 (1971)).

1. Specifically, see Florida Statutes Annotated § 56.29 (1969 & Supp.1993).

■ The Court finds the proper procedure is that set out above: Plaintiffs may seek to obtain discovery from Movants pursuant to either Rule 69(a), FRCP, or Rule 1.560, Florida Rules of Civil Procedure, to determine whether they hold property belonging to Defendant. Subsequently, they may move to implead Movants, if appropriate. Plaintiffs can hardly be expected to make the prima facie showing required to implead Movants before having access to discovery which would allow them to determine if such a showing can be made.

That Plaintiffs have chosen the proper procedure does not end the inquiry, however. As Plaintiffs themselves concede, there must be a threshold showing of the necessity and relevance of the discovery sought from Movants. *Blaw Knox Corp. v. AMR Industries, Inc.*, 130 F.R.D. 400, 403 (E.D.Wis.1990). When the ground for the discovery is an alleged alter ego relationship with the judgment debtor, there must be facts before the Court to show the basis for the allegation. *Strick Corp. v. Thai Teak Products Company, Ltd.*, 493 F.Supp. 1210, 1218 (E.D.Pa. 1980).

■ In this case, the Court finds Plaintiffs have made a sufficient threshold showing for the requested discovery. Plaintiffs have demonstrated through deposition and affidavit testimony the following: (1) Defendant became defunct on December 21, 1990, within approximately one month of the formation of C & R; (2) Kenneth Lane, the son of the principal of Defendant, Raymond Lane, is the scle owner of C & R; (3) the former address of Defendant is the current address of C & R, which premises are owned by Lane Land Trust, of which Raymond Lane is a part owner; (4) C & R engages in the crane rental business and has the same kind of equipment on its premises as did Defendant; (5) C & R serves at least one customer formerly served by Defendant; and (6) C & R employs some of the same people previously employed by Defendant. While any one of these factors standing alone might not be sufficient to make the requisite showing, the Court believes in combination they provide a basis for Plaintiffs' allegation of alter ego relationship sufficient to justify the request-

ed discovery. Therefore, the Motion for a Protective Order (Doc. #128) is **DENIED**.

**DONE AND ORDERED.**