PER CURIAM.
A Martin County resident petitions this court for a writ of certiorari, challenging a trial court order directing him to appear before a special master in Broward County for proceedings supplementary.[1] We grant the petition, issue the writ, and quash the order of the trial court to the extent it requires the proceedings to take place in Broward County.
The petitioner had a judgment entered against him in Baltimore County, Maryland, in 1999. The respondent had the foreign judgment domesticated, obtaining a final judgment in Broward County in 2000. A writ of execution issued in December, 2002. The respondent subpoenaed the petitioner for deposition twice before, once in Broward County, on April 10, 2000, and a second time in Martin County, in May, 2001.
In January, 2003, the respondent moved for proceedings supplementary to execution of the judgment. A copy of the motion was served on the petitioner at his address in Martin County. Following a hearing, the trial court rendered an order, which granted the motion for proceedings supplementary, appointed a special master, and ordered the petitioner to appear in *116 Broward County, at a time and date certain.
Petitioner argues that the order requiring his appearance for examination in Bro-ward County constitutes a departure from the essential requirements of law. We agree. Section 56.29(2) specifically provides that “the court shall require the defendant in execution to appear before it or a master at a time and place specified by the order in the county of the defendant’s residence to be examined concerning his or her property.” § 56.29(2), Fla. Stat. (2001) (emphasis added).
The order in this case directs the petitioner to appear outside the county of his residence. In fact, the respondent does not dispute that the petitioner currently resides in Martin County. It appears that the petitioner lived in Broward County when the action for domestication of the foreign judgment was filed, but moved before the motion for proceedings supplementary was filed. The respondent argues that because the petitioner resided in Broward County when the domestication action was filed, it should not now be required to “chase” the petitioner to another county because he has moved in the interim.
“Supplementary proceedings are a creature of statute.... ” Conrad v. McMechen, 338 So.2d 1306, 1307 (Fla. 4th DCA 1976). The statute requires the appearance of the judgment debtor in the county of his residence. It neither prohibits the petitioner from moving nor requires his return in the event of a move. “The mandate of the statute is plain, but the order under review fails to comply.” Id.
Because the error cannot be remedied on appeal, it constitutes irreparable harm. See Patterson v. Venne, 594 So.2d 331 (Fla. 3d DCA 1992). Having satisfied the two requisites for issuance of a writ of certiorari, the petition is granted, the writ issued, and the order of the trial court quashed in so far as it requires the proceedings to take place in Broward County.
STONE, KLEIN and MAY, JJ., concur.

. The respondent argues that the petition is moot because the deposition date has passed and the petitioner failed to appear during the course of these proceedings. Because this issue is capable of repetition, we do not find the issue moot. Logan v. State, 846 So.2d 472, 473 n. 1 (Fla.2003) (citing N.W. v. State, 767 So.2d 446, 447 n. 2 (Fla.2000)).