**984**

UNITED STATES of America,
Plaintiff (Judgment Creditor-Appellee),

v.

FABRIC GARMENT CO., Inc., Mayflower Manufacturing Corp., Alert Trading Corp., Joseph Abrams, Harold Hyman, Murray Berman and David Q. Hartman, Defendants.

Eve Abrams, Witness (Appellant).

No. 112, Docket 31510.

United States Court of Appeals Second Circuit.

Argued Oct. 3, 1967.

Decided Oct. 17, 1967.

———•———

Samuel Gottlieb, New York City (Gainsburg, Gottlieb, Levitan & Cole, Richard J. Rubin, New York City, of counsel), for appellant.

Howard L. Stevens, Asst. U.S. Atty., Joseph P. Hoey, U.S. Atty., Eastern Dist. of New York, for appellee.

Before FRIENDLY, HAYS and ANDERSON, Circuit Judges.

PER CURIAM:

Eve Abrams, called by the Government as a witness in supplementary proceedings to collect a judgment against her husband, Joseph Abrams, appeals from an order of Judge Bruchhausen in the District Court for the Eastern District of New York, filed June 2, 1967, overruling her objections to answering certain questions on the ground of her privilege against self-incrimination. Although the Government has not raised the question of our appellate jurisdiction, we are bound to do so, and must respond in the negative. It has long been settled that an order which merely directs a witness to answer questions in a pending judicial proceeding is not a final decision within 28 U.S.C. § 1291. Alexander v. United States, 201 U.S. 117, 26 S.Ct. 356, 50 L.Ed. 686 (1906), is dispositive. The Court there said that although such an order "may coerce a witness, leaving to him no alternative but to obey or be punished," this was not sufficient for finality; a right of review will arise only if the court goes further and punishes the witness for contempt, "and this is adequate for his protection without unduly impeding the progress of the case." 201 U.S. at 121, 26 S.Ct. at 358. If further authority were needed, it can be found in In re Cudahy Packing Co., 104 F.2d 658 (2 Cir. 1939); Cimijotti v. Paulsen, 323 F.2d 716 (8 Cir. 1963); 4 Moore, Federal Practice ¶ 26.37 [1.–1]; 6 id. ¶ 54.16; and the many cases there cited.

The appeal is dismissed for want of jurisdiction; the mandate will issue forthwith.