**CENTRAL STATES, SOUTHEAST AND SOUTHWEST AREAS PENSION FUND, et al., Plaintiffs-Appellees,**

v.

**EXPRESS FREIGHT LINES, INCORPORATED, Defendant.**

**Appeal of Christopher A. JANSEN.**

**No. 92–2137.**

United States Court of Appeals, Seventh Circuit.

Submitted June 9, 1992.

Decided July 23, 1992.

Thomas C. Nyhan, Albert M. Madden, James D. O'Connell, William W. Leathem, Central States, Southeast & Southwest Area Pension Fund, Law Dept., Rosemont, Ill., Timothy J. Frenzer, Office of the Corp. Counsel, Chicago, Ill., Constance M. Borek, Resolution Trust Corp., Elk Grove Village, Ill., for plaintiffs-appellees.

Christopher Jansen, pro se.

Before POSNER, COFFEY, and KANNE, Circuit Judges.

POSNER, Circuit Judge.

Before us is a motion to dismiss an appeal from an order granting postjudgment discovery. Such orders were held unappealable in *Rouse Construction Int'l, Inc. v. Rouse Construction Corp.*, 680 F.2d 743

---

(11th Cir.1982), and *Richmark Corp. v. Timber Falling Consultants, Inc.*, 937 F.2d 1444, 1449 (9th Cir.1991), but our court has yet to confront the issue.

Central States had obtained a money judgment from the district court against Express Freight Lines, and in aid of its efforts to collect the judgment requested Mr. Jansen to produce his federal income tax returns. He refused, and after twice being ordered by the court to produce the returns, produced them in redacted form, omitting information that Central States considered material to its collection proceeding. After inspecting the unredacted returns *in camera*, Judge Zagel ordered Jansen to furnish them to Central States pursuant to Fed.R.Civ.P. 34 and 69(a)—the latter rule expressly authorizing discovery in aid of execution of judgment. It is this order that Jansen seeks to appeal. Central States contends that we have no appellate jurisdiction.

■ The general rule of course is that interlocutory orders are not appealable till the end of the case. The rule bars appeals from pretrial discovery orders, *Reise v. Board of Regents*, 957 F.2d 293, 295 (7th Cir.1992), but what about postjudgment discovery orders? An order denying such discovery is appealable because no other route for obtaining appellate review of the order is available. *Wilkerson v. FBI*, 922 F.2d 555, 558 (9th Cir.1991); *Fehlhaber v. Fehlhaber*, 664 F.2d 260, 262 (11th Cir. 1981). Contempt is not an option; there is no way to disobey an order that merely denies your request for some relief. But if as in this case the judge orders discovery, the person ordered to produce, if desperate for an immediate appeal, can disobey the order and appeal the resulting judgment for criminal contempt. *United States v. Ryan*, 402 U.S. 530, 91 S.Ct. 1580, 29 L.Ed.2d 85 (1971); *Crowder v. Sullivan*, 897 F.2d 252, 253 (7th Cir.1990) (per curiam); *Powers v. Chicago Transit Authority*, 846 F.2d 1139 (7th Cir.1988).

■ But this analysis goes only part of the way to a conclusion that orders granting postjudgment discovery are not appealable. A final order is appealable even if the appellant could obtain judicial review by some other route. A postjudgment order might seem final by definition because the judgment is already behind it. But there are judgments and there are judgments. The judgment entered pursuant to Fed.R.Civ.P. 58 ends the proceeding to determine liability and relief, but it begins the collection proceeding if the defendant refuses to pay. A contested collection proceeding will end in a judgment or a series of judgments granting supplementary relief to the plaintiff. The judgment that concludes the collection proceeding is the judgment from which the defendant can appeal. *Transportation Cybernetics, Inc. v. Forest Transit Comm'n*, 950 F.2d 350, 352 (7th Cir.1991); *SEC v. Suter*, 832 F.2d 988, 990 (7th Cir.1987); *King v. Ionization Int'l, Inc.*, 825 F.2d 1180, 1184–85 (7th Cir.1987). In doing so he can of course bring before the appellate court any interlocutory orders of which he complains that have not become moot, *In re James Wilson Associates*, 965 F.2d 160, 165–66 (7th Cir.1992), including an order granting his adversary postjudgment discovery. But that order is not appealable until then.

APPEAL DISMISSED.