**RESOLUTION TRUST CORPORATION, as Receiver for Peoples Savings and Loan Associations, F.A., Plaintiff–Appellee,**

v.

**Gina RUGGIERO and Angelo Ruggiero, Defendants–Appellants.**

**No. 92–3484.**

United States Court of Appeals, Seventh Circuit.

Submitted Oct. 29, 1992.

Decided March 1, 1993.

Rehearing Denied April 22, 1993.

---

9. Because we have held that Federated has fulfilled its obligations under the policy, we need not address Baylor's request for attorney's fees.

David L. Hazan, Randolph E. Ruff, William J. Raleigh, Dehaan & Richter, Chicago, IL, for plaintiff-appellee.

Angelo Ruggiero, Michael L. Tinaglia, Laser, Schostok, Kolman & Frank, Chicago, IL, for defendants-appellants.

Angelo Ruggiero, pro se.

Before POSNER, COFFEY, and RIPPLE, Circuit Judges.

PER CURIAM.

The Ruggieros appeal from an order by the district court holding them in civil contempt for failing to comply with post-judgment discovery orders, fining them $150 per day until they do comply, and awarding the plaintiff attorneys' fees in an unspecified amount. The plaintiff has moved to dismiss the appeal as being out-side our appellate jurisdiction.

■ Orders of civil contempt have often been said to be non-final and hence not appealable under the final-judgment rule of 28 U.S.C. § 1291, but we have proposed as a more precise formulation that "an order of civil contempt is appealable if and only if it is either final for purposes of section 1291 or appealable under a statute allowing the appeal of interlocutory orders." *Szabo v. U.S. Marine Corp.*, 819 F.2d 714, 719 (7th Cir.1987). So we look behind the label to see whether the order denominated as one of civil contempt fits the criteria for an appealable order. We have held, consistently with this approach, that an order of civil contempt entered to coerce compliance with a discovery order is not appealable. *Powers v. Chicago Transit Authority*, 846 F.2d 1139, 1141 (7th Cir.1988). The discovery order itself is not appealable, though it can be assigned as error if and when the final judgment in the litigation is appealed; and all that the order of civil contempt does is make it more likely that the discovery order will be obeyed. If on an eventual appeal the discovery order is invalidated, the party held in civil contempt for disobeying will be able to get back the fine that he paid before he decided to knuckle under and obey the order. *Id.*

■ The wrinkle here is that the discovery order was entered after the judgment, when the Ruggieros, the defendants, refused to pay it. But it is an unimportant wrinkle. When supplementary proceedings are instituted to collect a judgment, a post-judgment discovery order that, as here, is issued in aid of those proceedings is an interlocutory, nonappealable order. *Central States, Southeast & Southwest Areas Pension Fund v. Express Freight Lines, Inc.*, 971 F.2d 5 (7th Cir.1992). It can be challenged on appeal from the final order in the supplementary proceedings, but is not itself an appealable order. *Id.* at 6. We complete the edifice erected by these cases by holding today that an order of civil contempt enforcing a discovery order in supplementary proceedings is also unappealable.

We assume that if the postjudgment discovery order is ever invalidated, the Ruggieros will get back their attorneys' fees along with any fines they have paid. But

even if not, the award of attorneys' fees would not be appealable now because the amount of fees has not been set. *Szabo v. U.S. Marine Corp., supra*, 819 F.2d at 717.

The appeal is

DISMISSED.