**In re JOINT EASTERN AND SOUTHERN DISTRICTS ASBESTOS LITIGATION.**

**No. S–91–66.**

United States District Court, C.D. Illinois, Springfield Division.

June 17, 1994.

Gregory R. Naron, Chicago, IL, for the Manville Trust.

David J. Walker, Chicago, IL, for James Walker.

*OPINION*

RICHARD MILLS, District Judge:

A case of contempt on contempt.

The Manville Trust moves for execution of its New York judgment against a supersedeas bond posted with this Court by Attorney James Walker.

On September 14, 1993, this Court held Attorney James Walker in civil contempt for his failure to answer questions propounded by an attorney for the Manville Trust at a citation to discover assets hearing held before U.S. Magistrate Judge Charles H. Evans on August 3, 1993. *In re Joint Eastern and Southern Districts Asbestos Litigation,* 830 F.Supp. 1153, 1156 (C.D.Ill.1993). The citation hearing was undertaken for purposes of collecting a civil sanction of $81,655 plus interest which had been awarded in favor of the Manville Trust by the United States District Courts for the Southern and Eastern Districts of New York (the Rendering

Courts). The sanction was the result of Mr. Walker's efforts to interfere with the disposition of funds set aside by the Johns–Manville Corporation to pay asbestos claimants, some of whom were represented by Mr. Walker.

On October 21, 1991, the Manville Trust registered the New York judgment in this Court pursuant to 28 U.S.C. § 1963 and began collection proceedings against Mr. Walker.

When Mr. Walker—after many attempts to stall the proceedings in this Court—eventually refused to cooperate at the citation to discover assets hearing, Magistrate Judge Evans referred the matter to United States District Judge Richard Mills for Mr. Walker to show cause for his obstruction of the citation proceedings. On Tuesday, September 14, 1993, Mr. Walker appeared before Judge Mills and reiterated his refusal to comply with the citation proceedings. Consequently, this Court sentenced Mr. Walker to imprisonment conditioned on cooperation with the Manville Trust in the discovery of Mr. Walker's assets. Being remedial in nature, this was a civil sanction. *See Securities and Exchange Commission v. Simpson,* 885 F.2d 390, 395 (7th Cir.1989). Mr. Walker immediately appealed the decision of this Court, and the Court stayed Mr. Walker's imprisonment upon the posting of a $100,000 supersedeas bond.

On May 2, 1994, the Court of Appeals dismissed Mr. Walker's appeal of this Court's contempt finding and an earlier appeal filed by Mr. Walker challenging this Court's denial of a motion to dismiss the collection proceedings in the Central District of Illinois. *In re Joint Eastern & Southern Districts Asbestos Litigation,* 22 F.3d 755 (7th Cir. 1994). The Manville Trust now requests that this Court apply the $100,000 supersedeas bond toward satisfaction of the New York judgment, which, as of June 16, 1994, amounts to $97,760.90.

■ Mr. Walker objects to the motion of the Manville Trust on the ground that the New York judgment is void and unenforceable in this Court because it was imposed by a federal magistrate judge instead of a district court judge. However, Mr. Walker is incorrect in his factual and legal assertions. 28 U.S.C. § 636(e) applies to situations in which a person commits an act of contempt before a magistrate judge. That is not what happened in this case. Here, Mr. Walker had violated two injunctive decrees of the Rendering Courts prohibiting further litigation against the assets of the Manville Trust, and the Rendering Courts directed Mr. Walker to appear at a show cause hearing to explain his disobeyance of those courts' orders.

On April 24, 1991, Mr. Walker failed to appear at the scheduled hearing, and as a result, United States District Judge Jack B. Weinstein adjudged Mr. Walker to be in civil contempt. Judge Weinstein then referred the matter to U.S. Magistrate Judge John L. Caden for a determination of the amount of sanctions to be assessed against Mr. Walker for his civil contempt. Magistrate Judge Caden subsequently determined that the Manville Trust was entitled to recover $81,655 plus interest from Mr. Walker for his contempt. (See footnote 1 of the May 2, 1994 opinion of the Seventh Circuit for a more detailed summary of the proceedings before the New York district courts).

■ Thus, the contempt judgment sought to be enforced in this Court is the valid judgment of a district court judge, and there is no reason why the supersedeas bond posted by Mr. Walker cannot be applied in satisfaction of the judgment rendered in favor of the Manville Trust by the Eastern and Southern Districts of New York.

*Ergo,* the Clerk of the Court is hereby directed to disburse $97,760.90 of the $100,000 bond deposited with this Court by Mr. Walker on September 16, 1993, to the Manville Trust, in care of the attorney of record for the Manville Trust, with the balance of the bond to be remitted to Mr. Walker.

SO ORDERED.

CASE CLOSED.