81 F.3d 163
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
In re JOINT EASTERN & SOUTHERN DISTRICTS ASBESTOS LITIGATION.
In the Matter of Johns-Manville Corporation, et al., Debtors.
Bernadine K. FINDLEY, as Executrix of the Estate of Hilliard
Findley, et al., Plaintiffs,
v.
Donald BLINKEN, et al., Defendants.
Appeal of James WALKER.
 No. 95-2875.
 United States Court of Appeals, Seventh Circuit.
 Submitted Feb. 16, 1996.*
Decided March 25, 1996.
Rehearing Denied May 7, 1996.
 
 1
 Before BAUER, RIPPLE, Circuit Judges, and REYNOLDS, District Judge**.
 
 ORDER
 
 2
 This appeal is related to the litigation that was before this court in In Re Joint Eastern & Southern Districts Asbestos Litigation, 22 F.3d 755 (7th Cir.1994) ("Walker I ") and In Re Joint Eastern & Southern Districts Asbestos Litigation, 71 F.3d 1319 (1996) ("Walker II ").
 
 
 3
 In those cases, Mr. Walker, faced with collection proceedings pursuant to 28 U.S.C. § 1963 in the Central District of Illinois, challenged collaterally, pursuant to Federal Rule of Civil Procedure 60(b), the underlying contempt judgments entered against him in the United States District Courts for the Eastern and Southern Districts of New York (the "Rendering Courts"). In Walker II, we held that Mr. Walker's failure to seek redress in the Rendering Courts constituted a waiver of his arguments about the validity of the underlying judgments. 71 F.3d at 1323.
 
 
 4
 In this appeal, "Walker III ", Mr. Walker, faced with the turnover order of the district court in the collection proceedings, attempts to attack similar underlying judgments entered by the United States District Courts for the Eastern and Southern Districts of New York as well as a judgment of the United States Bankruptcy Court for the Southern District of New York. These judgments of contempt arose out of the same underlying litigation in those courts as the contempt judgments at issue in Walker II. Our examination of the record in these proceedings, as well as in the earlier proceedings before us, makes it clear that both the district court and the litigants dealt with these cases in tandem.
 
 
 5
 Upon consideration of the briefs and record before us, we discern no principled basis upon which to differentiate the contempt judgments at issue here from those in the earlier cases. Mr. Walker did not seek full review of those judgments in the courts of rendition and, under the circumstances presented by this complex litigation, that failure is fatal to his attempt to litigate that matter in collection proceedings before a district court half-way across the country.
 
 
 6
 Accordingly, the judgment of the district court is affirmed.
 
 
 7
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that the parties could file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement has been filed. Accordingly, the appeal is submitted on the briefs and the record
 
 
 **
 The Honorable John W. Reynolds, of the United States District Court for the Eastern District of Wisconsin, is sitting by designation