**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**AUG 22 2003**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

ROSCO CAMPBELL;
SHERRY CAMPBELL,

Defendants-Appellants.

No. 03-6221
(D.C. No. 98-CV-211-L)
(W.D. Okla.)

---

**ORDER AND JUDGMENT**[*]

---

Before **O'BRIEN**, Circuit Judge, **BRORBY**, Senior Circuit Judge, and **McCONNELL**, Circuit Judge.

---

After examining the parties' filings, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

---

[*]    This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

In this case brought by the United States to collect federal tax liabilities incurred from 1989-1991 and 1993, we have for consideration defendants' emergency motion for stay of the district court's orders granting a motion to compel post-judgment discovery responses brought pursuant to Federal Rule of Civil Procedure 69(a), and denying reconsideration. The responses are due August 22, 2003.

In order to obtain a stay, defendants must establish our jurisdiction over their appeal *and* show that: (1) they are likely to succeed on appeal; (2) they will be irreparably harmed absent a stay; (3) plaintiff will not be harmed if a stay issues; and (4) the public interest favors a stay. *See* 10th Cir. R. 8.1; *Desktop Direct, Inc. v. Digital Equip. Corp.*, 993 F.2d 755, 756-57, 760 (10th Cir. 1993), *aff'd*, 511 U.S. 863 (1994).

We must have jurisdiction over a matter before we may exercise our equitable powers to grant injunctive relief. *See Knopp v. Magaw*, 9 F.3d 1478, 1479-80 (10th Cir. 1993) ("[S]ubject matter jurisdiction must attach before the court may exercise its equitable powers."); *Desktop Direct, Inc.*, 993 F.2d at 756-57 (determining appellate jurisdiction before considering merits of petition for stay). We therefore resolve the jurisdictional question first. Our jurisdiction under 28 U.S.C. § 1291 is generally limited to review of final decisions, which are described as those that "end[] the litigation on the merits and leave[] nothing

for the court to do but execute the judgment." *Van Cauwenberghe v. Biard*, 486 U.S. 517, 521 (1988) (quotation omitted). In addition, a "small class" of interlocutory decisions are immediately appealable under §1291 under the collateral order doctrine, even though the decision has not terminated the proceedings in the district court, if the order conclusively determines the disputed question, resolves an important issue separate from the merits of the action, and is effectively unreviewable on appeal from a final judgment. *Id.*

While the denial of a post-judgment motion to compel discovery under Rule 69(a) has been held to be an immediately-appealable final order, *see, e.g., Fehlhaber v. Fehlhaber*, 664 F.2d 260, 262 (11th Cir. 1981); *United States v. McWhirter*, 376 F.2d 102, 105 (5th Cir. 1967), our sister circuits have held that orders compelling discovery under Rule 69(a) are interlocutory orders that are not immediately appealable, *see Cent. States, Southeast & Southwest Areas Pension Fund v. Express Freight Lines, Inc.*, 971 F.2d 5, 6 (7th Cir. 1992); *Rouse Constr. Int'l, Inc. v. Rouse Constr. Corp.*, 680 F.2d 743, 745-46 (11th Cir. 1982); *Childs v. Kaplan*, 467 F.2d 628, 629 (8th Cir. 1972); *United States v. Fabric Garment Co.*, 383 F.2d 984, 984 (2d Cir. 1967). Although the December 21, 1999, judgment ended the proceedings that determined the defendants' tax liability and the United States' right to relief, the collection proceedings began when defendants refused to pay the judgment. *See Cent. States*, 971 F.2d at 6. "A

contested collection proceeding will end in a judgment or a series of judgments granting supplementary relief to the plaintiff. The judgment that concludes the collection proceeding is the judgment from which the defendant can appeal." *Id.*

Thus, if the government discovered an asset from defendants' disclosures on which it could bring a further judicial collection action, defendants could appeal from the interlocutory discovery order once judgment was entered regarding that particular asset. *See id.* In the alternative, defendants could refuse to comply with the discovery order, and if the district court entered a contempt sanction, that sanction would be immediately appealable. *See Consumers Gas & Oil, Inc. v. Farmland Indus., Inc.*, 84 F.3d 367, 370 (10th Cir. 1996) (holding that a post-judgment contempt sanction for refusal to obey orders, whether it is characterized as a civil or a criminal sanction, is immediately appealable as a final order under § 1291); *Cent. States*, 971 F.2d at 6; *Fabric Garment Co.*, 383 F.2d at 984 (noting that principle behind the rule that orders granting discovery are not appealable is that defendant has choice to obey or to be punished for contempt and immediately appeal, which is adequate for the defendant's protection without unduly impeding the progress of the case).

But we also note that the Seventh Circuit has adopted the view that, if a Rule 69(a) post-judgment motion to compel discovery results in the discovery of assets that may be levied without further court order, the order compelling

discovery would be the "terminus of the case" and would be final for purposes of appeal. *Resolution Trust Corp. v. Ruggiero*, 994 F.2d 1221, 1225 (7th Cir. 1993).

We need not decide in this case whether we would adopt a similar test, because defendants, who bear the burden of establishing our jurisdiction in this matter, have not alleged that the government may immediately levy upon any property the government discovers without further judicial proceedings. Nor have defendants made a proper showing that the order is an appealable collateral order. We conclude that defendants have failed to satisfy their initial burden to show that the court's orders granting discovery are either appealable interlocutory orders or final orders under § 1291. Therefore we must dismiss the appeal and deny the stay as moot.

Even if we determined that we had jurisdiction, we would not grant an emergency stay because defendants also have not satisfied their burden to demonstrate entitlement to a stay. Defendants make only conclusory statements, unsupported by any documentation, that they have a likelihood of success on appeal. They claim that, because their affidavits "remain undisputed" and their questions remain unanswered, they are likely to succeed. But the United States' motion to compel was granted for defendants' failure to respond to the motion. *See* Dist. Ct. Order filed 7/23/2003. Defendants subsequently filed a "Demand for Remedy in the Form of Declaratory and Injunctive Relief," which the district

court construed as either an untimely response, a motion for reconsideration, a request for injunctive relief, or as another challenge to the court's subject matter jurisdiction. The district court denied it because defendants failed to provide any good reasons for granting the relief requested. *See* Dist. Ct. Order filed 7/24/2003. On these facts, it is unlikely that defendants would succeed on appeal.

Further, as the United States has pointed out, defendants did not appeal from the judgment entered against them in 1999 or from the district court's subsequent orders denying their motions for post-judgment relief. Thus, they cannot challenge the government's right to collect the tax judgment in any appeal from the order compelling discovery. And the government has a statutory right under Rule 69(a) to obtain the discovery the court granted precisely because it has a valid, unchallenged judgment. *See* Fed. R. Civ. P. 69(a).

As to irreparable harm, defendants assert that the United States' discovery requests invade Mr. Campbell's personal and private business affairs. They argue that no justification for compelling such disclosure would exist if they prevail on appeal. But this argument does not support the granting of a stay given our analysis that they are unlikely to succeed on the merits of their appeal. Further, defendants have failed to satisfy their burdens to present arguments

on all four factors considered for a stay and to support their claims with record evidence.

The appeal is DISMISSED for lack of jurisdiction, and defendants' motion for an emergency stay pending appeal is DENIED as moot.

ENTERED FOR THE COURT
PER CURIAM