FILED
United States Court of Appeals
Tenth Circuit

February 2, 2010

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

SECURITIES AND EXCHANGE
COMMISSION,

　　　　Plaintiff - Appellee,

　　v.

DUANE MARCHANT, STEPHEN
SPENCER, KARL BADGER,
MARION SHERRILL, LA JOLLA
CAPITAL FINANCIAL, HAROLD B.
GALLISON, JR., TERRY HUGHES,
WILLIAM SLONE, and ANDREW
SEARS,

　　　　Defendants,

--------------------------------------

THOMAS E. STAMOS,

　　　　Movant - Appellant.

No. 09-4135

(D. Utah)

(D.C. No. 2:97-CV-00963-DAK)

ORDER AND JUDGMENT[*]

Before **HARTZ**, **ANDERSON**, and **TYMKOVICH**, Circuit Judges.

---

[*]This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal.  See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.

Following a consent judgment in a securities case, the Securities and Exchange Commission ("SEC") sought a subpoena to serve upon American Resources and Development Company ("ARDCO"), in order to determine the financial status of one of the defendants in the securities case.  Thomas E. Stamos, the president and a director of ARDCO, moved to quash the subpoena. The district court denied the motion to quash, and this appeal followed.  The SEC has filed a motion to dismiss this appeal on the ground that this court lacks jurisdiction over the matter because the denial of the motion to quash is not a final appealable order.  The motion to dismiss has been referred to us, and we address it as a threshold matter pertaining to our jurisdiction.  Finding no jurisdiction, we dismiss this appeal without reaching its merits.

In 2004, Defendant George Badger[1] entered into a final consent judgment in a securities case in the Utah federal district court. More specifically, he consented to liability for disgorgement of $13,436,950.54 and the assessment of a civil penalty of $5,786,162.00, for a total liability of $19,223,112.54. With interest, administrative charges and penalties added, the total amount Mr. Badger owed was $31,781,989.17, as of March 17, 2009. Mr. Badger has thus far paid

---

[1]The Complaint in this action describes Mr. Badger as follows:

> Badger is 67 years old and resides in Salt Lake City, Utah. During the relevant time period, Badger had the title of Director of Investor Relations for [Golf Communities of America, Inc. f.k.a. Golf Ventures, Inc. ("GVI")] but, in fact, acted as the principal officer of GVI, making all significant executive decisions. At all relevant times, Badger was also a large shareholder and President of Leasing Technology, Inc. ("LTI"), GVI's largest shareholder. From 1993 through 1996, Badger also served as President of LTI. In April 1997, Badger pled guilty in the United States District Court for the Southern District of New York to a four-count, felony information alleging: (i) conspiracy to commit securities fraud, wire fraud, money laundering and commercial bribery; (ii) securities fraud; (iii) criminal contempt; and (iv) perjury. In connection with prior incidents, Badger has (a) pled guilty to bribing an agent of the Internal Revenue Service; (b) pled guilty to conspiracy to commit securities fraud; and (c) in an action brought by the Commission, consented to a permanent injunction barring him from future violations of the antifraud provisions of the federal securities laws.

Compl. at 3-4.

only a small portion ($2,050 as of April 8, 2009).[2] The district court explicitly

retained jurisdiction over the case for enforcement purposes.

ARDCO is a public company which has been in business since March 1983.

Mr. Badger is currently the holder of 65,477 shares of ARDCO. The total number

of issued ARDCO shares is 467,039,666. Mr. Badger's wife, Lajuana, owns a

number of shares of ARDCO. Mr. Badger was an officer and director of ARDCO

until September 1996, when he resigned from those posts. In recent years, Mr.

Badger has consulted with ARDCO and made state corporate filings.

Mr. Badger's son, Karl, had also apparently served as an officer and director of

ARDCO in the past.

In March 2009, the Securities and Exchange Commission ("SEC") served

Thomas E. Stamos with a subpoena, based upon his role as the president and a

director of ARDCO.[3] The SEC subpoena sought specific documents relating to

Mr. Badger, his wife and specifically named entities related to them for a

specified period of time.

Mr. Stamos moved to quash the subpoena in its entirety, arguing that "[t]he

requested information is not relevant," that "[n]one of the Defendants . . . are

related to ARDCO in any material or relevant way," and that the subpoena "is

---

[2]As a part of the complex scheme involved, Mr. Badger "paid bribes to registered broker-dealers and to individual brokers in exchange for the brokers recommending and selling GVI securities to their retail customers." Compl. at 2.

[3]Mr. Stamos is also Mr. Badger's former son-in-law.

overly broad and appears to be fishing for information without legal basis." Supp. App. at 38-30. The SEC opposed Mr. Stamos's motion to quash and it provided documents, including corporate filings and copies of tax returns, to establish the relationship between ARDCO and Mr. Badger. Those documents revealed that ARDCO's corporate filings with the State of Utah, as recently as February 2009, listed Mr. Badger's home address as ARDCO's business address. They also revealed that ARDCO and its subsidiaries held total assets of more than $3,000,000 for the fiscal year ending on March 31, 2007. SB Trust owned 30.93% of ARDCO's common stock; George and Lajuana Badger's 2007 federal tax returns show that they received $75,000 in interest income from SB Trust; David Badger, George Badger's son, is the trustee of SB Trust.

In denying Mr. Stamos's motion to quash, the district court noted that the SEC is allowed to conduct discovery regarding Mr. Badger's financial condition pursuant to Fed. R. Civ. P. 69(a)(2) "because he has failed to pay any significant amounts on his judgment and has made inconsistent statements regarding the ownership of assets." Order at 2. The court further noted Mr. Badger's ties to ARDCO and rejected Mr. Stamos's argument that the subpoena was overly broad and vague. It also dismissed Mr. Stamos's argument that Mr. Badger had only minimal contacts with ARDCO, noting that ARDCO had failed to address or explain its use of Mr. Badger's home address for corporate filings and the other

evidence provided by the SEC, which indicated substantial connections between Mr. Badger and ARDCO.

As indicated, Mr. Stamos/ARDCO has filed an appeal from the denial of the motion to quash, and the SEC has filed a motion to dismiss the appeal, arguing we lack jurisdiction. Because "[w]e first must satisfy ourselves that we have jurisdiction to hear this appeal," we turn to that question first. See Johnson v. Martin, 195 F.3d 1208, 1213 (10th Cir. 1999).

"The law is well-settled that 'one to whom a subpoena is directed may not appeal the denial of a motion to quash that subpoena but must either obey its commands or refuse to do so and contest the validity of the subpoena if he is subsequently cited for contempt on account of his failure to obey.'" In re Grand Jury Subpoenas Dated December 7 and 8, 40 F.3d 1096, 1099 (10th Cir. 1994) (quoting United States v. Ryan, 402 U.S. 530, 532 (1971)). The Supreme Court has, however, identified an exception to that general rule. Id. (citing Perlman v. United States, 247 U.S. 7 (1918)). In Perlman, the Supreme Court "held that the district court's order denying Perlman's motion to quash a subpoena was immediately appealable because the third party to whom the subpoena was directed, a court clerk, would not have risked a contempt citation in order to preserve Perlman's privilege." In re Grand Jury Subpoenas Dated December 7 and 8, 40 F.3d at 1099. The SEC cites these cases in support of its argument that Mr. Stamos cannot appeal the denial of the motion to quash now; rather, he must

await a contempt citation and appeal that at that time: "in order for a corporate client to appeal denial of its motion to quash a subpoena directed at its attorney, it had to await a contempt citation against its attorney or be able to prove that the attorney would produce the records rather than risk contempt." Id.

In opposing the motion to dismiss, Mr. Badger argues that these cases are all inapposite because they all involved "subpoenas issued during the pre-trial criminal discovery phase of a case[,] . . . [and] each of these cases concern a subpoena issued directly to defendants." Appellant's Resp. to Mot. to Dismiss at 3. Mr. Badger overlooks the fact that our decision in In re Grand Jury Subpoenas, *did* address the situation where the subpoena is addressed to a third party. See In re Grand Jury Subpoenas Dated Dec. 7 and 8, 40 F.3d at 1099 ("in order for a corporate client to appeal denial of its motion to quash a subpoena directed at its attorney . . . ") (emphasis added). Furthermore, the language concerning the appealability of the denial of a motion to quash does not suggest that the applicable principles are context-specific—i.e., only relevant to pre-trial discovery in criminal cases; cf. United States v. Campbell, 73 Fed. Appx. 382, 383 (10th Cir. Aug. 22, 2003) (unpublished) ("[O]ur sister circuits have held that orders compelling discovery under Rule 69(a) are interlocutory orders that are not immediately appealable."); see also Cent. States, Southeast & Southwest Areas Pension Fund v. Express Freight Lines, Inc., 971 F.2d 5, 6 (7th Cir. 1992); Rouse Constr. Int'l, Inc. v. Rouse Constr. Corp., 680 F.2d 743, 745-46 (11th Cir. 1982);

<u>Childs v. Kaplan</u>, 467 F.2d 628, 629 (8th Cir. 1972); <u>United States v. Fabric</u>

<u>Garment Co.</u>, 383 F.2d 984, 984 (2d Cir. 1967).

Thus, we take guidance from these precedents and conclude that the denial

of the motion to quash is not immediately appealable.  We accordingly lack

jurisdiction over this appeal and DISMISS it.

For the foregoing reasons, this appeal is DISMISSED.

ENTERED FOR THE COURT


Stephen H. Anderson
Circuit Judge